**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **LEIGHANNA DOBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. _____** |
| | ) | |
| **v.** | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| **AMAZON.COM SERVICES LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** Leighanna Dobbs ("Plaintiff" or "Ms. Dobbs") by and through her undersigned counsel of record to hereby file this complaint against Amazon.com Services LLC ("Defendant" or "Amazon") as follows:

## I. JURISDICTION & VENUE

1.     Ms. Dobbs files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.      Ms. Dobbs filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Atlanta, Georgia on September 26, 2022.  The EEOC issued Ms. Dobbs a right-to-sue on September 26, 2022, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt.  (Exhibit A).

3.      Venue is proper in the Atlanta Division of the Northern District of Georgia, since the Defendant operates a warehouse and does business in Fulton County, Georgia.

4.      The Defendant may be served through its registered agent at Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## II.  PARTIES

5.      The Plaintiff, Leighanna Dobbs, is a citizen of the United States and a resident of Luthersville, Georgia.  Ms. Dobbs is over the age of nineteen years.

6.      The Defendant, Amazon.com Services LLC, operates a fulfillment center warehouse located in Fulton County, Georgia.  At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III.  STATEMENT OF FACTS

7.      Ms. Dobbs is a Caucasian female.

8.     On or about January 1, 2022, Ms. Dobbs began working for Amazon as a Level 3 Shipping Clerk at its fulfillment center warehouse in Union City, Georgia.   In this position, Ms. Dobbs was responsible for planning loads for shipment around standard departure times, load flow control and ensuring proper trailer utilization.   Prior to her employment at Amazon's Union City location, she worked at Amazon's fulfillment center warehouse in Moreland, Georgia.

9.     Ms. Dobbs was the only Caucasian female employed as a Level 3 Shipping Clerk at Amazon's warehouse in Union City.

10.     Ms. Dobbs avers that she was a productive employee for Amazon and did not receive any write-ups or have any disciplinary action taken against her prior to her termination.

11.     Nonetheless, almost immediately upon her arrival at Amazon's Union City warehouse, she was singled out by her Area Managers who often assigned her standard of work to other shipment clerks.   In addition, Ms. Dobbs was often wrongfully blamed for various problems that arose in the warehouse.   Accordingly, Ms. Dobbs believes that she was often singled out from her co-workers because of her Caucasian race.

12.     On or about April 12, 2022, Kami (LNU), an Area Manager who is African-American, asked Ms. Dobbs to assist with scanning freight from a box truck.   Typically, this is not a part of Ms. Dobbs' standard work, but she agreed to

assist her co-workers.  As a result, Ms. Dobbs went on the back of the truck to scan freight.

13.     After her shift, Kami, the Area Manager who instructed Ms. Dobbs to assist with scanning freight, confronted Ms. Dobbs and informed her she was delivering her a final written warning for going to the back of the box truck.

14.     Ms. Dobbs avers that Kami, the Area Manager, did not specify or inform her that she was not allowed in the back of the box truck when she was instructed to scan freight.  Ms. Dobbs was never informed by anyone in operational or safety leadership that she was not allowed to be in the back of a box truck. Further,  Ms. Dobbs avers that this practice is normal for shipping clerks, as she has witnessed many other shipping clerks on the back of box trucks assisting with shipments.

15.     After Kami, the Area Manager, stated she was issuing Ms. Dobbs a final written warning, Ms. Dobbs spoke to Ciegi (LNU), the Operations Manager who is African-American, and stated that she did not know it was a violation to be in the back of a box truck.  Ciegi, the Operations Manager, informed Ms. Dobbs that she was not going to receive a written warning.

16.     Ms. Dobbs returned to work on April 13, 2022 at approximately 2:30 PM.  Around 9:15 PM, she was offered voluntary time off because there were too many associates working that day.  Ms. Dobbs accepted the voluntary time off, but

before she was able to clock out, Ceigi, the Operations Manager, asked to speak with her.  Ms. Dobbs did so and was informed by Ceigi that she was being terminated.

17.    Ms. Dobbs avers that the final written warning was unwarranted and that neither Kami, the Area Manager, nor Ciegi, the Operations Manager, could cite a specific policy Ms. Dobbs violated.

18.    Amazon purports that Ms. Dobbs was terminated because she was insubordinate.  However, Amazon's proffered reason for Ms. Dobbs' termination is pretextual.

19.    Based on the foregoing, Ms. Dobbs has been subjected to illegal discrimination based on her race.  A convincing mosaic of evidence exists to demonstrate that Ms. Dobbs was subjected to intentional discrimination and by Amazon when it terminated her from her position of employment with the company.

20.    As a result of his Amazon's actions, Ms. Dobbs has lost wages and benefits and incurred costs and attorney's fees.  Ms. Dobbs has also suffered severe mental and emotional distress.

## IV.  PLAINTIFF'S  CAUSE OF ACTION

## COUNT ONE - RACE DISCRIMINATION

21.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act.

21.    As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 20 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

22.    Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)    Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b)    An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

6

c)      An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)      An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e)      An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

f)      Reinstatement of her employment; and

g)      Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 22nd day of December, 2022.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ *Chase Estes*

Chase Estes
HKM Employment Attorneys LLP
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284
Email: cestes@hkm.com
Georgia Bar No. 485174

**Attorney for Plaintiff**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1 (D) NDGa, the undersigned hereby certifies that this response complies with the font requirements of L.R. 5.1 (C) NDGa because this document has been prepared in Times New Roman, 14-point type.

By: */s/ Chase Estes*
Chase Estes
Georgia Bar No. 485174